NO. 07-06-0319-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 4, 2007
_____

JEREMY LECLEAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. A-3966-05-08; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jeremy LeClear was convicted of evading arrest or detention and contends that the evidence was factually insufficient to support the verdict. We affirm the judgment of the trial court.

The standard by which we review the factual sufficiency of the evidence is set forth in *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to that opinion.

Next, a person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him. TEX. PEN. CODE ANN. §38.04(a) (Vernon 2003). Appellant argues that the evidence was factually insufficient because it failed to establish the legitimacy of the officer's attempt to detain him. That is, his conviction should be overturned because the officer allegedly lacked basis to detain him. We disagree.

On July 21, 2005, around 4:00 a.m., a jailer for the Swisher County Sheriff's Department observed an individual (later determined to be appellant) dressed in jeans, a leather jacket, and a motorcycle helmet approach the door of the jail building, look inside, and linger for several minutes without removing his helmet. The jailer called Officer Randy Baker to return to the jail to investigate. When Baker arrived in his marked police vehicle, he observed appellant almost in the street walking toward a motorcycle. Baker attempted to call in the license plate number of the motorcycle. However, the last two digits of it had been covered in paint and intentionally altered, or so it appeared to the officer.

When Baker was approximately five feet from appellant and the motorcycle, he yelled for appellant to stop. Instead, appellant turned, looked at the officer, sped off, and ran a stop sign. The officer contacted dispatch and began to pursue the speeding motorcyclist. At one point, Baker estimated appellant's speed to approximate 100 m.p.h.

An officer may temporarily detain an individual for further investigation when he has specific articulable facts which combined with rational inferences from those facts would lead an officer to reasonably suspect that a particular person has engaged in or soon will be engaged in criminal activity. *Garcia v. State,* 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The circumstances that raise suspicion need not be criminal in and of

2

themselves but the conduct must be sufficiently distinguishable from that of innocent people under the same circumstances to clearly set the suspect apart. *Davis v. State,* 947 S.W.2d 240, 242 (Tex. Crim. App. 1997).

Appellant's 1) lingering in front of a jail at 4 a.m., 2) being clothed in a way that concealed his identity, 3) riding a motorcycle with an altered licence plate, 4) running a stop sign as he drove away, and 5) speeding constitute some evidence of articulable facts upon which a reasonable officer could deduce that appellant had or was engaged in criminal conduct. Thus, Baker had reasonable suspicion justifying his attempt to detain appellant, and the evidence supporting that conclusion was neither weak nor outweighed by countervailing evidence.

Accordingly appellant's issue is overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.